IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | | |
|---|---|---|---|
| **PHILIP DARIUS CRAYTON,** | ) | Civil Action No. 7:15-cv-00547 | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | **ORDER** | |
| | ) | | |
| **MCV, et al.,** | ) | By: | Hon. Michael F. Urbanski |
| Defendants. | ) | | United States District Judge |

Philip Darius Crayton, a Virginia inmate proceeding pro se, filed a motion for a preliminary injunction seeking his release from incarceration. Plaintiff alleges in the motion that he has received psychotropic medications to treat his mental illnesses and that his mental illnesses should have resulted in a finding of not guilty by reason of insanity instead of his incarceration at Red Onion State Prison. Plaintiff notes that he had swallowed two metal shanks since July 2015, medical tests have confirmed metal is in his genitals, and he receives on-going medical treatment for metal contaminants. Plaintiff further complains that his refusal to agree to sexual acts with correctional officers results in forfeited showers and recreation time outside. Plaintiff demands his release into society because his "life is at risk of endangerment due to [his] mental health and physical-medical condition."

A preliminary injunction is an "extraordinary and drastic remedy." Munaf v. Geren, 553 U.S. 674, 689-90 (2008). A movant must establish four elements before a preliminary injunction may issue: 1) he is likely to succeed on the merits; 2) he is likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in his favor; and 4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Plaintiff is not allowed to demonstrate only a "possibility" of irreparable harm because that standard is "inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 23.

Plaintiff fails to establish irreparable harm because he is receiving on-going treatment of his mental and physical conditions, and he will not be irreparably harmed by missing outside recreation and showers during the pendency of this action.[1] Plaintiff also fails to establish how releasing him into society furthers the public's interest. Plaintiff further fails to establish that the balance of equities tips in his favor as he has not yet satisfied the filing fee provisions of 28 U.S.C. § 1915. Plaintiff fails to establish that he is likely to succeed on the merits of his underlying claims because he has not yet filed a second amended complaint that complies with Rules 8, 10, 18, 12(b)(6), and 20 of the Federal Rules of Civil Procedure, in accordance with the Order entered on November 12, 2015. Defendants, who include state correctional officials, have not yet responded to the action, and intervening in prison administration at this time would be unduly burdensome to correctional officials. See, e.g., 18 U.S.C. § 3626(a)(2) ("The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity. . . ."); Bell v. Wolfish, 441 U.S. 520, 540 n.23, 548 n.29 (1979) (explaining that maintaining security and order and operating an institution in a manageable fashion are considerations peculiarly within the province and professional expertise of corrections officials). Accordingly, Plaintiff fails to satisfy the elements for a preliminary injunction, and the motion is **DENIED**.

The Clerk shall send a copy of this Order to the parties.

It is so **ORDERED**.

Entered: November 13, 2015

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[1] Plaintiff does not explain whether he filed administrative grievances about the inability to go outside for recreation or to the showers.